

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

> Opinion No. O-5947
> Re: Whether, under the facts given,
> the "State Agent" of the Phoenix
> Insurance Company is subject to
> the occupation tax provided for
> by Subdivision 10(b), Article 7047,
> R. A. C. S., as amended by House
> Bill 677, Acts 1943, 48th Legislature,
> p. 664, Ch. 372, Sec. 3.

Your letter of March 22, 1944, has been received and considered by this department. In that letter you quote from a letter from Mr. Richard Cosmus, State Agent for the Phoenix Insurance Company of Hartford, Connecticut, as follows:

> "As State Agent of the Phoenix, I am a salaried employee of that company. I neither receive nor record copies of policies issued by local agents representing my company, nor do I underwrite business, that function being carried on in the Company's Home Office in Hartford, Connecticut. My duties involve the solicitation of business for the Company from local agents; the supervision of claim adjustments which are made by independent adjusters paid on a fee basis; and the inspection of particular risks on instructions from my Home Office in order to develop for them underwriting information which they require. My duties are in effect identical with those of a special agent of any fire Insurance Company. My title differs because of the Company's practice in other jurisdictions and their wish for uniform designation of men in the field. This being the case, I believe that I am a member of a group specifically exempted from the tax and am therefore entitled to a refund of $25.00."

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, page 2

Your question is whether or not this Agent, under the facts stated by him, is subject to the Occupation Tax provided for by Subdivision 10(b), Art. 7047, V. A. C. S., as amended by H. B. 677, Acts 1943, 48th Leg., p. 654, Ch. 372, Sec. 3, which reads as follows:

"From every person acting as a general agent of any insurance company that may transact any insurance business in this State, there shall be collected an annual tax of Twenty-five dollars ($25.).

"For the purpose of this subsection, a 'general agent' shall be a person, firm, association or corporation, who may exercise a general supervision or control over the business of one or more insurance companies in this State and who maintains a supervisory office or offices, with the authority to appoint local agents or special agents; and who, in the case of fire, marine and casualty insurance companies, receives, records, inspects, underwrites and files the daily reports from local agents of the business done by such agent agents. Separate taxes shall not be charged for individual members of such firms, associations or corporations, but a separate tax shall be levied for each separate establishment maintained by such general agents. Provided that this tax shall not apply to any local or special agents of fire, marine or casualty insurance companies, or any local or soliciting agents, or district, division, or branch managers, of life, accident, health, or industrial insurance companies."

This section in great detail defines a "general agent." Under his statement, Cosmus does not receive, record, inspect, underwrite and file the daily reports from local agents of business done by such local agents, and therefore does not come within the statutory definition of a "general agent." He is not subject to the provisions of this section.

Trusting that this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Arthur L. Moller
Assistant

ATTORNEY GENERAL OF TEXAS

ALM:ARM

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN